UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANY FAHIM LABIB BESADA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,<br><br>Defendants. | CASE NO. C11-0997JLR<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT |

This matter comes before the court on *pro se* Plaintiff Amany Fahim Labib Besada's second amended complaint (2d Am. Compl. (Dkt. # 46)) against Defendant United States Citizenship and Immigration Services' Seattle office ("USCIS").[1] Ms. Besada is proceeding *in forma pauperis*, and pursuant to 28 U.S.C. § 1915(e)(2), the

---

[1] United States Citizenship and Immigration Services and United States Department of Homeland Security were both named as Defendants in Ms. Besada's first two complaints, however, her second amended complaint names only the Seattle office of USCIS.

ORDER- 1

court must *sua sponte* dismiss this action if it determines that the complaint "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district to dismiss an *in forma pauperis* complaint that fails to state a claim.") (italics added) (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)); *Bozorgi v. World Savings Bank, FSB*, No. 12-cv-0434-JAH (DHB), 2012 WL 1253023, at *1 (S.D. Cal. Apr. 13 2012). For the reasons discussed below, the court DISMISSES Ms. Besada's second amended complaint WITH PREJUDICE.

On April 16, 2012, the court granted Defendants' motion to dismiss Ms. Besada's first amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2] (Order (Dkt. # 45).) The court concluded that Ms. Besada's complaint did not allege facts giving rise to a plausible claim for recovery or giving Defendants notice of the legal claim brought against them. (Order at 12.) The court also concluded that Ms. Besada had not alleged facts establishing the court's jurisdiction as required by Federal Rule of Civil Procedure 8(a)(1), *see* Fed. R. Civ. P. 8(a)(1), or indicating that a waiver of sovereign immunity permitted her to bring suit against an agency of the United States government*, see Tobar v. United States*, 639 F.3d 1191, 1995 (9th Cir. 2011); *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003). (Order at 7–11.) The court, nevertheless, granted Ms. Besada leave to file a second amended complaint curing the

---

[2] The court incorporates by reference the factual and procedural background of this matter as set forth in the April 16, 2012 order.

ORDER- 2

1 deficiencies identified by the court. (*Id.* at 14.) On April 24, 2012, Ms. Besada timely
2 filed a second amended complaint. (2d Am. Compl.)
3     The court has carefully reviewed Ms. Besada's second amended complaint and
4 concludes that it does not remedy the shortcomings identified in the court's April 16,
5 2012 order. Ms. Besada's second amended complaint is not materially different from her
6 first amended complaint. (*Compare* 1st Am. Compl. (Dkt. # 22) *with* 2d Am. Compl.)
7 Therefore, it fails to state a claim for which relief may be granted for the same reasons
8 stated in the April 16, 2012 order (*see* Order at 11–12). *See Watison v. Carter*, 668 F.3d
9 1108, 1112 (9th Cir. 2012) (stating that "[t]he standard for determining whether a
10 plaintiff has failed to state a claim upon which relief can be granted under
11 § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6)
12 standard"). Ms. Besada's second amended complaint, like her first amended complaint,
13 also fails to allege facts establishing that a waiver of sovereign immunity applies to her
14 claims. *See Kaiser*, 347 F.3d at 1117 ("The United States, including its agencies and its
15 employees, can be sued only to the extent that it has expressly waived its sovereign
16 immunity."). Accordingly, the court dismisses Ms. Besada's second amended complaint
17 as required by 28 U.S.C. § 1915(e)(2). Furthermore, because Ms. Besada has previously
18 been given an opportunity to amend, the court concludes that further amended would be
19 \\
20 \\
21 \\
22

ORDER- 3

futile and DISMISSES this action WITH PREJUDICE.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2008).

      Dated this 30th day of April, 2012.

                                                              */s/ James L. Robart*
                                                              JAMES L. ROBART
                                                              United States District Judge

ORDER- 4

futile and DISMISSES this action WITH PREJUDICE. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2008).

      Dated this 30th day of April, 2012.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER- 4